IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

GWEN STUTSMAN,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 14-CV-241-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Gwen Stutsman, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Background

The denial of Plaintiff's March 16, 2007 applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) was appealed to the District Court, Case No. 11-CV-207-CVE-TLW, which reversed the denial decision and remanded the case. [R. 307-317]. On remand the Appeals Council noted that Plaintiff filed a subsequent application for SSI on February 24, 2011. On that application an ALJ found Plaintiff disabled beginning as of the date of her 55th birthday, October 29, 2010.[1] Medical-

---

[1] The ALJ observed that technically for Social Security purposes, Plaintiff attained 55 on October 28, 2010, the day before her actual birthday. The ALJ amended the onset of disability to October 28, 2010. [R. 263]. That amendment has no effect on this appeal. For the sake of consistency, the undersigned has continued to refer to the October 29, 2010 as the onset of Plaintiff's disability.

Vocational Guideline (Grid) Rule 202.04[2] applied and directed a finding of disabled based on Plaintiff's residual functional capacity (RFC) for light work, her age, education, and prior work experience.[3] The Appeals Council affirmed the finding of disability after October 29, 2010, and remanded the case for further proceedings for the period prior to October 29, 2010. [R. 320]. Pursuant to the District Court order, as limited by the Appeals Council, the ALJ was required to discuss the medical evidence of record including 16 office visits to Raeanne Lambert, D.O. from 2004 to 2008, and to discuss and determine whether Dr. Lambert's letters dated November 24, 2004, [R. 368], and July 14, 2005, [R. 367], are medical opinions or disability opinions. The ALJ was also required to discuss and explain the weight given to any doctor's opinions. [R. 316-317].

## **The ALJ's Decision**[4]

The ALJ found that since the alleged onset of disability date, May 31, 2004, Plaintiff has had a severe impairment of degenerative disc disease. The alleged impairments of hypertension, hand problems, and depression were found to be non-severe. The ALJ found that prior to October 29, 2010, the date Plaintiff became disabled according to the Grids, she had the RFC to perform a full range of light work in that she was able to lift,

---

[2] The Grids are matrices of four factors– physical ability, age, education, and work experience. The Grids set forth rules that identify whether jobs requiring specific combinations of those factors exist in significant numbers in the national economy. *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting *Heckler v. Campbell,* 461 U.S. 458, 461-62, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs at step five of the evaluative sequence. 20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b).

[3] On October 29, 2010, Plaintiff attained the age of 55 and by virtue of her age (55), education, (high school graduate), previous work experience (unskilled work or no work experience) is considered disabled at the light exertional level. 20 C.F.R. Pt. 404, Subpt. P, App. 2; Rule 202.04.

[4] The Appeals Council denied Plaintiff's request for review on April 29, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently; could sit up to 6 hours in an 8-hour workday and could stand or walk up to 6 hours in an 8-hour workday. [R. 258].

Plaintiff completed the 11th grade and obtained a General Equivalency Diploma, and has no work-related skills. The ALJ found that as of the date Plaintiff was last insured for purposes of DIB, Plaintiff was capable of performing her past relevant work as a waitress. [R. 262-263]. For purposes of the SSI claim, Plaintiff had no past relevant work because she performed the waitress work too remote in time from the date of her SSI application. Based on the testimony of a vocational expert, the ALJ found that there are a significant number of jobs Plaintiff could perform prior to her 55th birthday. The ALJ found, therefore, that prior to attaining the age of 55, Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff alleges that the ALJ: 1) failed to properly consider and weigh the medical evidence and opinions; 2) committed errors at steps 2 through 5 of the sequential evaluation process by finding that hypertension, hand complaints, and depression were not severe impairments and by not including limitations in the RFC related to those conditions; and 3) made a faulty credibility finding.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Analysis

### Evaluation of Medical Evidence and Opinions

Plaintiff was treated by Dr. Lambert from November 28, 2004 through April 5, 2007. [R. 167-198]. The record contains two letters written by Dr. Lambert. The text of the letters is identical:

> To Whom It May Concern:
>
> Ms. Stutsman is currently unable to work due to her acute joint and back pain and should continue to receive food stamps. She is under my care for her medical problems.

[R. 199, 200]. Plaintiff argues that Dr. Lambert's letters are medical opinions and should be evaluated as such. Plaintiff also argues that the ALJ improperly considered the purpose for which the letters were written in rejecting the opinions contained therein. According to Plaintiff, the ALJ failed to discuss the factors set out in 20 C.F.R. §§ 404.1527, 416.927 and *Krauser v. Astrue*, 638 F.3d 1324, 1330-31 (10th Cir. 2011), for evaluating Dr. Lambert's opinions.

The undersigned finds no merit to these arguments. The ALJ found that Dr. Lambert's letters are not medical opinions and thoroughly explained the reasons for her conclusions, as follows:

> The question at hand is whether or not Dr. Lambert's letters should be considered medical opinions or are disability or vocationally oriented. I find that these letters are not medical opinions. While she references her relationship to the claimant and mentions back and joint pain, she does not specifically discuss the impairments with any associated functional limitations. The actual nature of the letter is clear, and that is to support the claimant in continuing to receive food stamps. The letters do not state the claimant is disable[d], per se, which in and of itself is an issue reserved to the Commissioner. However, they seemingly are more rhetorical in nature with a syllogistic meaning of "the claimant has pain and therefore cannot work and therefore needs continued food stamps." While Dr. Lambert does not state that premise clearly, it appears to be the clear interpretation of her intent. Accordingly, as it is not a medical opinion, I have considered it, but do not ascribe any weight to it.

[R. 259-260]. Alternatively, the ALJ found that *if* the opinion were a medical opinion, it is not well supported by acceptable medical or diagnostic evidence, as follows:

5

> I have reviewed and considered all of Dr. Lambert's own progress notes from Morton Clinic, as well as the rest of the medical evidence. There are simply no significant objective medical findings to support this decision. While Dr. Lambert frequently notes complaints of pain in joints or the back, she rarely reports any abnormal finding on physical examination. When she does, those findings are generally normal. As an example of this, her notes on November 24, 2004 indicated that the claimant's strength is normal, equal and symmetrical in upper and lower extremities with no deficits noted. The claimant's straight leg raising was negative bilaterally. The progress note was written the same day Dr. Lambert wrote the opinion about the claimant being unable to work due to joint and back pain. As I mentioned previously, this opinion was obviously prepared to help the claimant obtain food stamps at the claimant's request. However, it does not seem to be at all supported by the examination dated that same day. On several occasions in Dr. Lambert's notes there is a notation that there are no deficits in the musculoskeletal examination portion of the reports. I also found that the clamant does occasionally report that she had hand numbness but again, there are not reported findings that would support Dr. Lambert's conclusion that she cannot work at all due to joint and back pain. Factually, the opinion is actually contradicted by Dr. Lambert's reported normal findings.

[R. 261-262].

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, specific legitimate reasons must be given for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

To the extent that Dr. Lambert's opinion can be read as a medical opinion, the ALJ very clearly rejected the opinion. The ALJ's decision is written clearly so the reviewing court can follow the ALJ's reasoning for rejecting Dr. Lambert's opinion. Further, the

reasons given for the ALJ's conclusions are supported by substantial evidence in the record. Accordingly, the undersigned finds that the ALJ's treatment of Dr. Lambert's letters does not present a reason for remand.

There is no merit to Plaintiff's assertion that the ALJ had the duty to recontact Dr. Lambert. Without any discussion of the holding, Plaintiff cited *McGoffin v. Barnhart*, 288 F.3d 1248 (10th Cir. 2002) in support of her assertion that the ALJ had the duty to recontact Dr. Lambert. That decision interpreted the former version of 20 C.F.R. § 416.927(e) which required an ALJ to recontact a treating physician in certain circumstances. However, 20 C.F.R. § 416.927(e) was amended in February 2012 and was not in effect when the ALJ issued her decision in January 2014. The currently applicable regulations about recontacting a physician, 20 C.F.R. § 404.1520b(c) and 20 C.F.R. § 416.920b(c), provide:

> (c) If the evidence is consistent but we have insufficient evidence to determine whether you are disabled, or if after weighing the evidence we determine we cannot reach a conclusion about whether you are disabled, we will determine the best way to resolve the inconsistency or insufficiency. The action(s) we take will depend on the nature of the inconsistency or insufficiency. We will try to resolve the inconsistency or insufficiency by taking any one or more of the actions listed in paragraphs (c)(1) through (c)(4) of this section. We might not take all of the actions listed below. We will consider any additional evidence we receive together with the evidence we already have.
>
>> (1) We may recontact your treating physician, psychologist, or other medical source. We may choose not to seek additional evidence or clarification from a medical source if we know from experience that the source either cannot or will not provide the necessary evidence. If we obtain medical evidence over the telephone, we will send the telephone report to the source for review, signature, and return;

7

>  (2) We may request additional existing records (see § 404.1512);
>
>  (3) We may ask you to undergo a consultative examination at our expense (see §§ 404.1517 through 404.1519t); or
>
>  (4) We may ask you or others for more information.
>
>  (d) When there are inconsistencies in the evidence that we cannot resolve or when, despite efforts to obtain additional evidence, the evidence is insufficient to determine whether you are disabled, we will make a determination or decision based on the evidence we have.

20 CFR § 404.1520b. Regardless of the regulation version in effect, the ALJ's decision demonstrates that the record contained sufficient evidence to make the disability determination therefore there was no need for the ALJ to take the further action of contacting Dr. Lambert.

Plaintiff asserts that the ALJ erred in according "some, but not great weight" to the opinions of the consultative examiner, Dr. Williams. However, in her opening brief Plaintiff fails to explain what she means by this assertion. The ALJ stated she considered Dr. Williams' assessment and generally found it to be thorough. She noted that Dr. Williams' finding that Plaintiff had degenerative disc disease was made without seeing any x-rays and that his diagnosis of unstable angina pectoris was based on Plaintiff's complaints. [R. 260]. The ALJ stated she considered Dr. Williams' report and his clinical examination results. [R. 261]. The undersigned finds no error in the ALJ's treatment of Dr. Williams' report.

8

Plaintiff argues that the ALJ erred by failing to weigh the state agency Disability Determination Service (DDS) opinions. The undersigned finds no error in the ALJ's treatment of the DDS opinions. The ALJ adopted the June 6, 2007 RFC opinion of the DDS reviewing physician, Thurma Fiegel, M.D., [R. 222-228], and the October 12, 2007 concurrence in that RFC by Luther Woodcock, M.D. [R. 234]. Those opinions were not helpful to Plaintiff and no purpose would be served by requiring further discussion of them. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012). (finding no prejudice where ALJ failed to assign weight to an opinion that did not help Plaintiff).

Plaintiff seems to argue that the DDS opinions are faulty because the DDS reviewers did not mention the medical records from Morton Clinic or the report by consultative examiner Dr. Williams. Plaintiff has not pointed to any regulation or case law suggesting that DDS reviewer's opinions in the form presented are insufficient. It is the ALJ's decision that is being reviewed on appeal, not the DDS opinions. The ALJ's decision contains an adequate discussion of Dr. Williams' and the Morton Clinic records, thus demonstrating the ALJ considered these records in making the RFC finding.

Plaintiff also argues that the ALJ erred in failing to discuss and weigh the findings and opinions by John Karr, D.C. and Jim Martin, M.D. There is no merit to this contention. Dr. Karr's report was made in March 1988, 16 years before the alleged onset of disability and Dr. Martin's report was made in July 1993, 11 years before the alleged onset. Plaintiff continued to work at her past relevant work as a waitress after the dates of these reports. [R. 106, 120]. Further, Plaintiff has not identified any information within those reports that relates to her ability to perform specific work-related tasks over a decade later. It is Plaintiff's duty on appeal to support her arguments with references to the record and to tie

9

relevant facts to her legal contentions. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

<u>Severity Findings</u>

Plaintiff argues that the ALJ erred in finding that her hypertension was non-severe, that her hand complaints were not medically determinable, and that her depression was non-severe. According to Plaintiff, the RFC should have included limitations related to these impairments.

At step two, of the evaluative sequence the ALJ must determine whether Plaintiff suffers from severe impairments. That is all that is required of the ALJ at step two. *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007). Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Mariaz v. Sec'y of Health & Human Servs.*, 857 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue*, 2008 WL 2662953 (10th Cir). The undersigned finds no error in the ALJ's findings at step two.

In making the step two determination of severity about Plaintiff's hypertension, the ALJ specifically found there is no evidence of any restriction or limitation related to Plaintiff's hypertension. [R. 258]. On appeal, Plaintiff complains that the ALJ should have

10

included some RFC limitation, but does not specify what limitation should have been included or is supported by the record. Plaintiff cites pages in the medical records where a high blood pressure reading is recorded and two occasions where complaints of dizzy spells are recorded. [Dkt. 15, p. 8]. The records Plaintiff cites record episodic complaints, but do not contain any indication of ongoing work-related limitations related to high blood pressure. The undersigned finds that the ALJ's step two finding that there is no evidence of restriction or limitation related to hypertension is supported by substantial evidence.

It is not accurate to say as Plaintiff does in her reply brief that "there is no discussion of hand limitations in the decision[.]" [Dkt. 19, p. 3]. The ALJ discussed Plaintiff's allegations of hand problems in conjunction with the step 2 severity finding. [R. 258]. The ALJ discussed the topic again in conjunction with the RFC finding. [R. 261]. The ALJ explained no limitations were included for hand problems. Plaintiff did not allege hand problems on her applications and the record indicates she has mentioned hand problems a few times, but no examination or testing has been done. *Id.*

Likewise there is no error in the ALJ's treatment of Plaintiff's allegations of depression. The ALJ observed that depression has been complained of sporadically, it has not been severe for 12 months, and has imposed no restrictions, limitations, or deficits on Plaintiff's activities, social functioning, or concentration, persistence, or pace. *Id.*

The ALJ's observations about the content of the record are accurate. The undersigned finds that the ALJ's severity and RFC findings are supported by substantial evidence.

## Credibility Determination

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). As long as the ALJ sets forth the specific evidence relied on in evaluating Plaintiff's credibility, the ALJ is not required to make a "formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ cited grounds tied to the evidence for the credibility finding, including: the lack of objective medical evidence compared to Plaintiff's allegations of pain at a level of 8 to 9 on a 10 point scale; illegal marijuana use; and complaints of hand pain with no objective medical data to support that assertion. [R. 262]. The ALJ thus properly linked the credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination. See *James v. Chater,* 96 F.3d 1341, 1342 (10th Cir. 1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference). Plaintiff offers arguments against the factors cited by the ALJ in support of his credibility finding. The undersigned views those arguments as an invitation to engage in impermissible reweighing of the evidence. As the Tenth Circuit has instructed, the court must decline that invitation. *See Rabon v. Astrue,* 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before May 20, 2015.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 6th day of May, 2015.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE